IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN WACONDA,

    Plaintiff,

v.                                                          CIV. No. 97-1507 JP/RLP

THE NEW MEXICO DEPARTMENT
OF HEALTH, a branch of the State of
New Mexico, JAKE CASTELLANO, in
his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 10, 1999, Plaintiff Karen Waconda filed a "Motion to Alter or Amend the Judgment and Reconsider this Court's Order," (Doc. No. 48) under FED. R. CIV. P. 59 and 60. After carefully considering the pleadings and the applicable law, I have determined that Plaintiff's motion should be denied.

**I.    Plaintiff's motion to reconsider will be treated as a Rule 59(e) motion**

Plaintiff filed this motion under both FED. R. CIV. P. 59 and 60 within ten days of this Court's February 24, 1999, Memorandum Opinion and Order granting Defendant's motion for summary judgment. In her Reply, Plaintiff states that her motion is brought under FED. R. CIV. P. 59(e). The Court agrees that Plaintiff's motion is properly treated as a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (a motion filed within 10 days of the entry of the judgment seeking to alter the substantive ruling of the courts is properly considered as a Rule 59(e) motion).

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *See Phelps*, 122 F.3d at 1324 (internal quotations omitted). The Plaintiff has presented no newly discovered evidence. Instead, she argues that this Court made manifest errors of law in granting summary judgment for the Defendant.

II. **There is no basis for granting Plaintiff's motion to alter the judgment**

Plaintiff essentially argues that the Court erred by failing to contemplate her claim that Defendant treated her differently with regard to the terms and conditions of her workplace; by failing to consider Plaintiff's direct evidence of discriminatory motive on the part of the Defendants; by requiring the Plaintiff to identify a similarly situated employee who has not been terminated in order to make her prima facie case; and by improperly weighing the evidence.

A. **Plaintiff did not plead that she was treated differently in the terms and conditions of her employment**

In Count I of Plaintiff's Complaint, "Violation of Title VII," she alleges that she was similarly situated to other non-minority employees who were not terminated although they had committed financial improprieties. Plaintiff avers that "[t]he reason given by Defendants for terminating Plaintiff is a pretext for racial discrimination." (Compl. ¶ 51.) Because Plaintiff's Complaint did not allege that she was treated differently with regard to the terms and conditions of her employment, and because Plaintiff never amended her Complaint to include these claims, the Court did not err in construing her Title VII claim as one for pretextual termination based on national origin.

### B. Plaintiff has not produced any direct evidence of discrimination

The central task in a Title VII case is to determine whether the defendant intentionally discriminated against the plaintiff. *E.E.O.C. v. Wiltel, Inc.*, 81 F.3d 1508, 1514 (10th Cir. 1996). "A plaintiff may prove intentional discrimination 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Id.* (quotation omitted).

Plaintiff asserts that the Court erred in failing to consider "the most direct evidence of racial motivation--the pre-termination managerial conduct by Jake Castellano." (Memo. at 12.) She contends that this Court should have considered this "direct evidence" in her *prima facie* case and also in the third step of the *McDonnell Douglas* burden shifting analysis. Specifically, she postulates that this Court erred in considering only whether the evidence showed that Defendant's legitimate nondiscriminatory reason was "unworthy of belief" without also considering her "direct proof" that Defendant's termination of plaintiff was "more likely than not" motivated by discrimination. (Memo. at 14.)

The Tenth Circuit has offered significant guidance in determining what constitutes "direct evidence" of discriminatory intent. Evidence of an "an existing policy which itself constitutes discrimination" qualifies as direct evidence, *Ramsey v. City & County of Denver*, 907 F.2d 1004, 1008 (10th Cir. 1990) (citing *Trans Word Airlines v. Thurston*, 469 U.S. 111, 121 (1984)), *cert. denied*, 506 U.S. 907 (1992), as does a statute creating age-based distinction in terms of employment. *See E.E.O.C. v. Wyoming Retirement System*, 771 F.2d 1425, 1430 (10th Cir. 1985).

"[S]tatements which are merely expressions of personal opinion or bias" however, "do not

3

constitute direct evidence of discrimination." *Wiltel*, 81 F.3d at 1514 (citing *Heim v. State of Utah*, 8 F.3d 1541, 1546-47 (10th Cir. 1993) (holding that manager's comment that "I hate having fucking women in the office" did not constitute direct evidence of discrimination)); *Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537, 1547 (holding that statement that plaintiff could not be promoted because he was "too damned old" was not direct evidence of discrimination).

"[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination." *Thurston*, 469 U.S. at 121. Indeed, the *McDonnell Douglas* shifting burdens of proof were designed to allow plaintiffs who had only indirect evidence of discrimination to proceed with their case. *See Ramsey*, 907 F.2d at 1008. "If the direct evidence is not sufficient by itself, it should unquestionably still be available to bolster a *McDonnell Douglas* prima facie showing, or a showing of pretext." 1 LEX LARSON & ARTHUR LARSON, EMPLOYMENT DISCRIMINATION § 8.07 , 8-93 (2d ed. 1998); *see also Randle v. City of Aurora*, 69 F.3d at 441, 453 (10th Cir. 1995) ("If the plaintiff establishes a prima facie case and shows either that the defendant's facially nondiscriminatory reasons are pretextual or otherwise introduces direct evidence of illegal discriminatory motive, the case then moves to trial . . . .").

Here, it is crystal clear that Plaintiff has failed to offer any direct evidence of discrimination. She has offered no evidence of an existing policy or statute that constitutes discrimination. Her only evidence, which is recited in detail in her motion, (Memo. 9-11), and which was properly considered by this Court in its Memorandum Opinion and Order, (Memo. Op. at 9-10 & n. 3), is indirect evidence of discrimination. This evidence did not even include the types of egregious statements of bias that the Tenth Circuit has held to be indirect evidence of discriminatory intent. *See, e.g., Heim*, 8 F.3d at 1514; *Furr,* 824 F.2d at 1547. Since Plaintiff has

failed to produce any direct evidence of discrimination, Plaintiff's assertions that this Court erred in not considering her "direct evidence" of discrimination in either in her *prima facie* case or in the third step of the *McDonnell Douglas* burden shifting analysis are without merit.[1]

### C. The Court did not err in requiring Plaintiff to identify a similarly situated individual to establish her *prima facie* case

Plaintiff also appears to argue that this Court erred in finding that she needed to identify a similarly situated individual to make her *prima facie* case. It is difficult to decipher Plaintiff's argument on this point, although she seems to contend that the Court erred in not considering her direct evidence in lieu of, or as a part of, her *prima facie* case. (Memo. at 2.) As already discussed, however, Plaintiff did not come forward with any direct evidence of discrimination that would negate the need to engage in a *McDonnell Douglas* burden shifting analysis, the first step of which is to establish a *prima facie* case. Furthermore, the Court's opinion assumed that Plaintiff had established her *prima facie* case but nevertheless determined that she had failed to satisfy her burden of coming forward with any evidence raising a genuine issue that her termination was racially motivated or that Defendants' proffered reason was a mere pretext for discrimination. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1403 (10th Cir. 1997) (assuming without deciding that plaintiff had met the elements of his prima facie case and then concluding that plaintiff's evidence of similarly situated employees who violated work rules of comparable

---

[1] Moreover, the Court considered in its Memorandum Opinion and Order what Plaintiff claims to be "direct evidence" of discrimination---the pre-termination managerial conduct by Jake Castellano-- and concluded that this evidence did not satisfy the third step of *McDonnell Douglas*. (Memo. Op. at 9-11.) The evidence Plaintiff cites in her motion to reconsider as "direct evidence," (Memo. at 9-11) also does not bolster Plaintiff's *prima facie* case, which requires Plaintiff to show she is a member of a protected class, that she was discharged for violating a work rule, and that similarly situated non-minority employees were treated differently. *See Aramburu v. Boeing Co.,* 112 F.3d 1398, 1403 (10th Cir. 1997).

5

seriousness and plaintiff's "direct evidence" of discrimination failed to satisfy the third step of the *McDonnell Douglas* analysis).

Additionally, Plaintiff appears to contend that the Court erred in requiring Plaintiff to identify a similarly situated individual who had been terminated for violating a work rule because Plaintiff included a claim for discrimination in the terms and conditions of her employment. Since Plaintiff did not plead this in her Complaint, as noted above, this claim is without merit.

### D. The Court did not err by weighing the evidence

Finally, the Court disagrees with Plaintiff that it improperly weighed the evidence at pages 8-9 of its Memorandum Opinion and Order. The Court merely recited evidence in the record explaining Defendant's legitimate non-discriminatory reason for terminating Plaintiff. *See Burdine v. Texas Dep't of Community Affairs*, 450 U.S. 248, 254-55 (1981) (To satisfy its burden of coming forward with a legitimate nondiscriminatory reason, "the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection.").

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Alter or Amend the Judgment and Reconsider this Court's Order," (Doc. No. 48) is DENIED.

_____
UNITED STATES DISTRICT COURT JUDGE